UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SUSAN C. BRUNELLE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:25-cv-13465-JEK |
| MASSACHUSETTS DEPARTMENT OF CHILDREN AND FAMILIES, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

**KOBICK, J.**

Plaintiff Susan Brunelle, proceeding *pro se*, has filed a complaint alleging that the defendants violated certain of her constitutional rights and those of her two minor children. Her complaint includes requests for a temporary restraining order and a preliminary injunction. Brunelle also filed motions for leave to proceed *in forma pauperis*, for leave to file electronically, to appoint counsel, and to waive the requirement of a security bond. For the reasons that follow, the Court will deny these motions and dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), as required by the *Rooker-Feldman* doctrine.

## BACKGROUND

The following facts, which are presumed true at this stage, are based on the allegations in the complaint and exhibits attached to it, including documents from Brunelle's state court proceedings.[1] *See Thornton v. Ipsen Biopharmaceuticals, Inc.*, 126 F.4th 76, 81 (1st Cir. 2025).

---

[1] This includes the: (1) Memorandum of Decision Re: Respondent Mother's Motion for a New Trial, Dec. 19, 2025, ECF 1-6 at 4-13; (2) Notice of Denial of Application for Further Appellate Review, Apr. 17, 2025, *id.* at 15; (3) Juvenile Court Docket Report printed on Oct. 20, 2025

I. **Procedural History.**

After a trial in October 2022, the Middlesex County Juvenile Court entered judgment granting permanent custody of Brunelle's two minor children to the Massachusetts Department of Children and Families ("DCF"). ECF 1, at 2. On December 19, 2023, the court denied Brunelle's motion for a new trial. ECF 1-6, at 4-13. In June and July 2024, Brunelle and DCF, respectively, filed motions for review and redetermination, which were granted. *Id.* at 44.

On February 13, 2025, the Appeals Court issued a decision upholding the Juvenile Court's judgment terminating Brunell's parental rights. *See Care & Prot. of Ravenna*, 105 Mass. App. Ct. 1114 (2025) (Rule 23 decision); ECF 1-6, at 15 (referencing the Appeals Court decision). The Appeals Court affirmed the trial court's conclusion that sufficient evidence existed that Brunelle was unfit and that termination of her parental rights was in her children's best interests, and it rejected her assertion that her trial counsel was ineffective. *See id.* On April 17, 2025, the Supreme Judicial Court denied Brunelle's application for further appellate review. ECF 1-6, at 15.

Brunelle's review and redetermination trial commenced on March 27, 2025. *Id.* at 44. The trial lasted for six non-consecutive days and ended on April 25, 2025. *Id.* Brunelle acted as her own attorney, with the assistance of standby counsel. *Id.* On May 2, 2025, the Juvenile Court issued a decision committing both of Brunelle's children to the custody of DCF until they reached the age of 18, "or until in the option of [DCF], the goal of [their] commitment has been accomplished." *Id.* at 45. The court also found that "the best interest of [one child] would be best served by the termination of parental rights of Susan Brunelle and [the child's father]," and that

---

showing docket activity from Aug. 12, 2025 to Oct. 10, 2025, *id.* at 42; (4) Termination of Parental Rights Decree, May 2, 2025, *id.* at 43; (5) Order and Decision on Motions for Review and Redetermination, May 2, 2025, *id.* at 44-45; and (6) Juvenile Court Docket Report printed on Aug. 12, 2025 showing docket activity from Mar. 26, 2025 to Apr. 8, 2025, *id.* at 46.

"the adoption plan prepared and propounded by [DCF] is in the best interest of [that child]." *Id.* That same day, the court issued a decree terminating Brunelle's parental rights for that child. *Id.* at 43.

Brunelle did not timely appeal that decision. *See id.* at 52. On August 26, 2025, the Juvenile Court denied Brunelle's motion to extend the time for filing a notice of appeal. *Id.* at 42.

## II.     Factual Background.

In November 2025, Brunelle filed this action under 42 U.S.C. § 1983 against DCF, the Massachusetts Juvenile Court Department, the Office of the Child Advocate, "Clerk Magistrate/Clerk Staff" of the Lowell Juvenile Court, and other individuals. ECF 1, at 1. She alleges that their misconduct resulted in court orders that placed her two minor children in the permanent custody of DCF and terminated her parental rights to one of those children. *Id.* at 2-4.

The complaint asserts four claims. In Count I, which asserts a procedural due process claim, Brunelle alleges that the judgment of the Juvenile Court "was procured through extrinsic fraud and structural failure." ECF 1, at 2. She further alleges that the "judgment was based on a two-pronged, fabricated narrative," consisting of the "willful suppression" of an exculpatory report regarding her substance abuse and "reliance on insinuated physical abuse that was never legally substantiated in the record." *Id*. In Count II, Brunelle alleges that "[t]he state system actively worked to prevent any legal remedy, culminating in an irrevocable deadlock." *Id.* at 3. In Count III, which seeks injunctive relief, Brunelle claims that DCF failed to inform her of harms inflicted on her children while in DCF custody. *Id.* She further asserts that these harms were caused by the children's separation from her and by DCF's deliberate indifference to the children's placement with their aunt, who was their kinship caregiver. *Id.* In Count IV, Brunelle alleges that the Juvenile Court has a "custom of bias" and DCF has a "custom of retaliation." *Id.* at 4.

## DISCUSSION

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A federal court's "'obligation to inquire *sua sponte* into [its] jurisdiction over the matter' exists in every case." *Fideicomiso De La Tierra Del Cano Martin Pena v. Fortuno*, 604 F.3d 7, 16 (1st Cir. 2010) (quoting *Doyle v. Huntress, Inc.*, 419 F.3d 3, 6 (1st Cir. 2005)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Congress has given the United States Supreme Court jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State" where the judgment in question concerns federal law. 28 U.S.C. § 1257(a). This jurisdiction is "exclusive" to the Supreme Court. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "Accordingly, under what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Id.*; *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The idea is that . . . the only federal court with statutory jurisdiction to review a state court's decision is the Supreme Court, and 'an aggrieved litigant cannot be permitted to do indirectly what he no longer can do directly.'" *Tyler v. Supreme Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Rooker*, 263 U.S. at 416). "The *Rooker-Feldman* doctrine bars jurisdiction 'only in the limited circumstances where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Id.* (quoting *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 23-24 (1st Cir. 2005)).

4

Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to adjudicate Brunelle's claims. The complaint, in effect, improperly asks this Court to review two final state court judgments: (1) the first judgment terminating Brunelle's parental rights, which was affirmed by the Appeals Court in February 2025 decision and which the Supreme Judicial Court declined to review, and (2) the Juvenile Court's May 2025 decision after the review and redetermination trial, which became final after Brunelle failed to timely appeal and that court denied her motion to extend the appeal deadline. *See Federación de Maestros de Puerto Rico*, 410 F.3d at 24 (for purposes of applying the *Rooker-Feldman* doctrine, "if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended"). With respect to the first judgment, Brunelle argues that the October 2022 trial record does not support finding that she had substance use disorder and that her trial counsel withheld exculpatory evidence. ECF 1, at 2-3. The Appeals Court rejected those arguments, holding that "the trial judge properly found a nexus between [her] substance use and her parental unfitness" and that she "was not prejudiced by her trial counsel's performance." *Care & Prot. of Ravenna*, 105 Mass. App. Ct. 1114. Brunelle similarly alleges that she was unable to "meaningful[ly] appeal" the second judgment terminating her parental rights as to one of her children. ECF 1, at 3. But Brunelle was provided an opportunity to appeal and declined to timely pursue it. Accordingly, Brunelle was twice "the losing party in state court [and] filed suit in federal court after the state proceedings ended"; she is "complaining of . . . injur[ies] caused by the state-court judgment[s]"; and she is "seeking review and rejection of th[ose] judgment[s]." *Tyler*, 914 F.3d at 50 (quotation marks omitted). This case falls squarely into the category of cases that may not be heard by a federal district court under the *Rooker-Feldman* doctrine.

5

Brunelle protests that *Rooker-Feldman* does not bar this action because she asserts an independent claim under Section 1983 "challenging the corruption of the state court process, not the merits of the custody decision." ECF 1-5, at 1. In her view, "[t]he constitutional injury is the deliberate suppression of exculpatory" evidence by her "state actor" attorney in the October 2022 trial, "coupled with the subsequent ratification of that fraud" by the Juvenile Court. *Id.* This argument is misplaced. As explained, the Appeals Court concluded that her attorney's "decisions were not manifestly unreasonable," including the attorney's "decision not to introduce a substance use evaluation or to call for corresponding testimony" where, among other issues, "the evaluation was stale by the time of trial" and "the evaluator did not consider extrinsic information or [her] drug use." *Care & Prot. of Ravenna*, 105 Mass. App. Ct. 1114. It has therefore already adjudicated that alleged injury.

Brunelle's contention that she is simply challenging "the integrity of the process itself" is also belied by her request for relief. ECF 1-5, at 1. Among other requests, Brunelle seeks "[a]n immediate Order declaring the May 2, 2025 Termination of Parental Rights Order and all subsequent [Termination of Parental Rights] decrees to be VOID ab initio (void from the beginning) due to extrinsic fraud and structural due process failure." *Id.* at 5. This request indicates that she is improperly seeking to overturn a state court judgment. *See Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (applying *Rooker-Feldman* where plaintiffs, whose parental rights had been terminated by a Maine court, sought a federal injunction preventing their child's adoption); *Mandel v. Town of Orleans*, 326 F.3d 267, 272 (1st Cir. 2003) (same where plaintiff raised a federal due process challenge to state child custody enforcement proceedings because she "was formally a party to the enforcement proceeding and was free to ask the state court to undo or revisit its enforcement order" but not "to secure its effective invalidation by a federal judge"); *Porter v.*

*Maine Dep't of Health & Hum. Servs.*, No. 23-1908, 2024 WL 1953481, at *1 (1st Cir. Apr. 17, 2024) (same where plaintiff "sought reunification with her son after the Maine courts' termination of her parental rights"); *Palange v. Forte*, No. 21-1481, 2022 WL 2359627, at *1 (1st Cir. Apr. 7, 2022) (same where plaintiff "asserted various violations of his constitutional rights stemming from a child custody and visitation case in Rhode Island Family Court"); *Alwyn ex rel. Alwyn v. Duval*, 26 F. App'x 17, 19-20 (1st Cir. 2001) (same where plaintiff sought to contradict a New Hampshire court finding of parental neglect). Since this lawsuit effectively "seeks to invalidate [two] antecedent state cour[t] judgments," the Court lacks jurisdiction and must dismiss the case. *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 66-67 (1st Cir. 2018).

## CONCLUSION AND ORDER

For the foregoing reasons, the Court ORDERS as follows:

1. This action is DISMISSED for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

2. The motions to appoint counsel, ECF 2, to waive the security bond, ECF 3, for leave to proceed *in forma pauperis*, ECF 5, and for leave to file electronically, ECF 6, are DENIED as moot.

3. Because the complaint and all exhibits thereto contain the names of minor children, unless otherwise ordered by the Court, remote electronic access to the complaint and all exhibits shall be limited to court staff and the parties.

SO ORDERED.

Dated: December 12, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE